DIXON, J.,
dissents, believing the constitution does not permit the calling of an election until the office is vacant, and that a resignation notice, effective at a further date, does not create a vacancy until that date occurs.
REASONS FOR JUDGMENT
SUMMERS, Justice.
The incumbent Judges of Divisions “A” and “C” of the City Court of Baton Rouge were elected to serve as Judges of Division “I” and “K”, respectively, of the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge. On August 1, 1978 they filed declarations of anticipated resignation with the Secretary of State to be effective January 1, 1979 when they were to be sworn in as District Judges. Upon receipt of these declarations the Secretary of State furnished copies to the Governor. The declarations and notice to the Governor purported to be carried out in accordance with Act 38 of 1978, an amendment to the Election Code. (La.Rev.Stat. 18:402, 583, 602).
Acting on these declarations and the power vested in his office by Article V, Section 22(B) of the Constitution, the Governor then issued his August 7, 1978 proclamations calling for a special primary and a special general election to fill these vacancies, fixing August 9, 1978 to August 14, 1978 as the dates for qualifying.
On August 10,1978 J. J. McKenzie, alleging that he was qualified and planned to be a candidate for the office of city judge of Division “A” or “C”, filed suit against the Governor and Secretary of State to enjoin the opening and closing of the qualifying period for the office of judge of the city court. He based his petition upon a plea that Act 38 of 1978 defining anticipated vacancies was unconstitutional.
By answer the Governor and Secretary of State denied the allegation of McKenzie’s petition generally. In their brief, opposing the injunction sought by McKenzie, they contended that the special elections and qualifying dates set in connection therewith were called and set without regard to Act 38 of 1978. On the contrary, it is asserted, the proclamations were issued under the authority vested in the Governor by Section 22 of Article V of the Constitution, authorizing the calling of special elections when a vacancy occurred in the office of a judge.[1] *882 Further, they argue that the resignations of the City Judges created anticipated vacancies which were vacancies as defined by Section 28 of Article X,[2] and as contemplated by Section 22 of Article V of the Constitution, requiring the calling of an election.
After a hearing on the rule to show cause why the injunction should not issue, the trial judge found that no vacancy existed in the office of City Judge; that the Supreme Court had failed to certify such a vacancy as required by Act 38 of 1978; and that the approval of Act 38 of 1978 by a three-judge federal court or the Department of Justice had not been obtained as required by the federal voting rights act (42 U.S.C. 1971-74e) as interpreted in United Jewish Organizations of Williamsburgh, Inc. v. Carey, 430 U.S. 144, 97 S.Ct. 996, 51 L.Ed.2d 229 (1977). The trial judge held, moreover, that Act 38 of 1978 conflicts with the Louisiana Constitution. He found that the Constitution does not permit an anticipatory vacancy. Accordingly, he held the proclamation calling the elections to be invalid for failure of the Louisiana Supreme Court to certify that vacancies existed and for failure to obtain the Act’s approval as required by the federal voting rights act.
It is a fact that Act 38 of 1978 has not been approved by the federal courts or the United States Department of Justice as required by the federal voting rights law (42 U.S.C.A. 1971-74e). Moreover, McKenzie contends that Act 38 is for that reason inoperable and its anticipated vacancies provision cannot be invoked to implement the meaning of vacancy as used in the Constitution. The Governor and the Secretary of State acknowledge that the Act has not been approved and concede that it is inoperable and inapplicable to the facts of this case.
It is their position that this case must be decided on the constitutional provisions which are pertinent to this case. We agree. Reference to Act 38 of 1978 in the resignations and the Secretary of States’ notice to the Governor will therefore be treated as surplusage. The references to that act do not change the facts — the incumbent judges resigned prospectively and the Governor called the election on independent constitutional authority.
Undoubtedly the Governor is empowered by Section 22 of Article V of the Constitution to call a special election when a vacancy in the office of a judge occurs, and a vacancy, as used in the Constitution, shall occur in the event of resignation. La. Const. Art. X, § 27.
The vacancy in the offices of the judges of Divisions “A” and “C” of the City Court of Baton Rouge effective January 1, 1979 surely will occur because of the resignations to that effect. These resignations were accepted when the Governor issued his proclamation. When accepted the resignations became irrevocable, creating a vacancy in the office which, under the constitution, may be filled by election, even though the effective date of the resignation is prospective. Moreover, the incumbents in the City Court judgeships who have been elected to the district court could not take those *883 higher offices without vacating the City Court judgeship. When the event is so certain to occur there is no legal impediment to anticipating the vacancies or the calling of the necessary elections to fill the vacancies when they become effective. To do so would, at least in this instance, assure the filling of the vacancies on their effective date by elected judges, a result in keeping with the spirit of Section 22(A) of Article V of the Constitution requiring, with limited exceptions, that “all judges shall be elected.”
There is little difference between the facts in the case at bar and the procedure provided in the Election Code for elections to offices which are not yet vacant and where the term of the incumbent will expire at a future date. Such a situation involves calling an election in advance of a vacancy in anticipation that a vacancy will occur. It is the practice for every public office, reasonably instituted, to assure continuity of the office, for the law abhors a vacant public office.
The practice of calling elections in anticipation of vacancies on account of resignations is one which has been accepted in this State for some time, both under the present constitution and the Constitution of 1921. The State has pointed to a number of the most recent instances where this has occurred. Terms of office which have not expired where an election of this sort was called to fill an anticipated vacancy would be subject to attack if the trial judge’s position were upheld in the case at bar.
These instances are evidence of the contemporaneous construction of the term vacancy as used in the constitution. And, while Act 38 of 1978 may not be operative or relevant to this case, the Legislature’s recognition that elections may be called to fill anticipated vacancies when resignations have been tendered to be effective at a future date is, as the Act stands, an expression of the public policy of this State on this question, notwithstanding that the Act is inoperative until federal approval has been received.
Although factually inapposite, an analogous situation existed in principle in State ex rel. La Nassa v. Hickey, 222 La. 17, 62 So.2d 86 (1952), where the governor made an appointment to fill an office before the incumbent’s commission expired and where no vacancy existed in the office. In upholding the validity of the appointment to the anticipated vacancy this Court held:
“There is no law in Louisiana which prohibits the Governor and the Senate, the officers who, and the body which, are empowered to act in cases of this kind, from making the appointment in order to fill the vacancy which was surely to arise when the respondent’s [incumbent] commission expired at the end of the Senate Session.”
Due to the fact that time was of the essence in this election case the decree was rendered on August 18, 1978 to be followed in due course by the Court’s reasons for judgment.
DENNIS, J., concurs and assigns reasons.
DIXON, J., has dissented and assigned reasons at the time the decree was rendered.

. La.Const. Art. V, § 22, provides:
“(A) Election. Except as otherwise provided in this Section, all judges shall be elected. Election shall be at the regular congressional election.
*882 “(B) Vacancy. A newly-created judgeship or a vacancy in the office of a judge shall be filled by special election called by the governor and held within six months after the day on which the vacancy occurs or the judgeship is established, except when the vacancy occurs in the last six months of an existing term. Until the vacancy is filled, the supreme court shall appoint a person meeting the qualifications for the office, other than domicile, to serve at its pleasure. The appointee shall be ineligible as a candidate at the election to fill the vacancy or the newly-created judicial office. No person serving as an appointed judge, other than a retired judge, shall be eligible for retirement benefits provided for the elected judiciary.
“(C) End of Term. A judge serving on the effective date of this constitution shall serve through December thirty-first of the last year of his term or, if the last year of his term is not in the year of a regular congressional election, then through December thirty-first of the following year. The election for the next term shall be held in the year in which the term expires, as provided above.”

. La.Const. Art. X, § 28 provides:
“A vacancy, as used in this Constitution, shall occur in the event of death, resignation, removal by any means, or failure to take office for any reason.”